| | |
|---|---|
| SUN PHARMACEUTICAL INDUSTRIES LTD. and RANBAXY SIGNATURE, LLC | |
| *Plaintiffs*, | C.A. No. 2:19-cv-07536-SRC-CLW |
| v. | **ORDER GRANTING MOTION TO SEAL** |
| VISTAPHARM, INC. | |
| *Defendant*. | |

**THIS MATTER** having been opened to the Court upon the joint, consolidated motion of Plaintiffs, Sun Pharmaceutical Industries Ltd., and Ranbaxy Signature, LLC (collectively, "Sun") and Defendant, VistaPharm, Inc. ("VistaPharm") (together, the "Parties"), pursuant to Local Civil Rule 5.3(c) to seal VistaPharm's Confidential and/or Highly Confidential Information contained in Sun's Stipulation of Dismissal Without Prejudice, dated August 21, 2019. (D.E. 28). (hereinafter referred to as the "Confidential Material"); and the Court having considered the written submissions of the Parties; and the Parties having consented to the relief requested herein; and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## **FINDINGS OF FACT**

1.    The Confidential Material discloses VistaPharm's proprietary filing information concerning the product that is subject of VistaPharm's Abbreviated New Drug Application ("ANDA"), which is information confidential to VistaPharm and not otherwise disclosed to the public.

2. This is a complex pharmaceutical patent infringement action. As such a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain the Parties' proprietary and confidential research, development and business information. The material identified herein contains information the Parties have designated as "Confidential" or "Highly Confidential," including its trade secrets, confidential research, and/or commercial information.

3. By designating this information "Confidential" or "Highly Confidential," it is apparent that the Parties have indicated that the public disclosure of this information would be detrimental to their business. Due to the nature of the materials herein, there is no less restrictive alternative to sealing portions of the Confidential Material.

4. The Parties' request is narrowly tailored to only the confidential information contained in the above materials. In this regard, the Parties are permitted to file a redacted, non-confidential version of the subject materials.

## CONCLUSIONS OF LAW

5. Upon consideration of the papers submitted in support of the motion, and the information that the Parties have designated as "Confidential" and/or "Highly Confidential," the Court concludes that Sun and VistaPharm have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the information described above should be sealed. Specifically, the Court concludes that: (a) the materials contain confidential information concerning Sun and VistaPharm's businesses; (b) Sun and VistaPharm have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and

serious injury, including the use of the confidential information by competitors to Sun and VistaPharm's financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

6.       The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute, and may be overcome by a showing, such as made here, in the discretion of the trial court.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978).   The Court, upon such a proper showing, may, in its discretion, prevent confidential information from being "transmuted into materials presumptively subject to public access."  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this 5 day of September, 2019

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the Parties' joint motion to seal the Confidential Material is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Materials to be sealed permanently and take such other steps as may be reasonably necessary to maintain the confidentiality of the Confidential Material; and

**IT IS FURTHER ORDERED** that nothing herein shall constitute a ruling concerning future requests to seal.

_____*s/ Cathy Waldor*_____
HON. CATHY L. WALDOR, U.S.M.J